ELIZABETH LEONARD *vs.* N. E. MUTUAL LIFE INS. CO.

PROVIDENCE—MAY 25, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Pleading and Practice.    Traverse.    Argumentative Pleading.*

In an action upon a policy of life insurance, the defendant pleaded in rejoinder that the application was signed by the insured after his answers were reduced to writing.  The plaintiff pleaded by way of surrejoinder that the insured signed the application in blank upon the promise of the medical examiner to write in the answers afterward and forward it to the defendant, said examiner being the agent of the defendant and of the insured.  On demurrer : –

*Held*, that the pleading was ill, and that the plaintiff should deny the allegation in the rejoinder by a traverse.

ASSUMPSIT upon a policy of life insurance.   The facts are stated in the opinion.   Heard on demurrer to surrejoinder of plaintiff, and demurrer sustained.

(1)   PER CURIAM.   The rejoinder to the plaintiff's replication avers that the application was signed by the insured *after* his answers were reduced to writing.

The surrejoinder avers that the insured did not so sign the application, but that he signed it in blank upon the promise of the medical examiner to write in the answers afterward and to forward it to the company, said examiner " being the agent of said company and of said Henry Leonard."   The effect of this reply is that an agent of both parties, and hence his agent, did it.

Clearly this is no answer.   All that is attempted to be set up by the surrejoinder can be shown under a traverse.

Demurrer to surrejoinder sustained.

*Hugh J. Carroll and Irving Champlin,* for plaintiff.
*Bassett & Mitchell,* for defendant.